**David LANE and Mary Ann Lane, Plaintiffs-Appellants,**

v.

**GENERAL MOTORS CORPORATION, Defendant-Appellee.**

No. 588, Docket 74–1818.

United States Court of Appeals, Second Circuit.

Argued March 25, 1975.

Decided March 27, 1975.

Bernard S. Meyer, New York City (Morris Hirschhorn, Fink, Weinberger, Meyer & Charney, P. C., and Jeffrey G. Stark, New York City, on the brief), for plaintiffs-appellants.

Roy L. Reardon, New York City (Simpson, Thacher & Bartlett, New York City, Frazer F. Hilder, Gen. Counsel, General Motors Corp., Detroit, Mich., James P. Barrett, Patrick H. Barth, New York City, on the brief), for defendant-appellee.

Before KAUFMAN, Chief Judge, MULLIGAN, Circuit Judge, and THOMSEN, Senior District Judge.[*]

PER CURIAM:

David Lane, an employee of Jersey Central Power and Lighting Company, was injured when a heavy utility truck, driven by a fellow employee, in which Lane was riding as a passenger, sitting next to the right front door, rolled over after skidding on an icy road and striking a median curb. The door opened when the truck hit the curb; Lane was partially ejected from the truck and received serious injuries.[1]

Lane and his wife sued (1) General Motors Corporation (the original manufacturer of the truck) alleging that the door latch was improperly designed, and (2) Pitman Manufacturing Co. (which had modified the truck by adding a hydraulic boom, a second cab and various appurtenances) alleging that the truck was top-heavy and unstable, due to the fault of Pitman or GMC, or both.[2]

A jury in the Southern District of New York brought in a verdict for both defendants. On this appeal, plaintiffs-appellants limit themselves to that portion of the judgment dismissing their claims against GMC for improper design of the door latch. Their appellate counsel argues that the charge of the district judge was so fundamentally erroneous as it related to plaintiffs' claim against GMC for the alleged improper design of the door latch that, despite the failure of trial counsel to object to it, this Court should order a new trial to avoid a miscarriage of justice.

The charge was hammered out in a long session with counsel for both sides, and included the instructions which plaintiffs' trial counsel requested. Plaintiffs' trial counsel took no exception to the charge; indeed, he stated on the record how fair it was. We have carefully examined the record and briefs and find no such fundamental error as would justify a reversal.

Affirmed.

[*] Of the District of Maryland, sitting by designation.

[1] The truck was a total wreck.

[2] A claim against Goodyear Tire and Rubber Company was dismissed before trial.